## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **Adoption of E.L.**

**No. 17-0044** (Putnam County 16-A-28)

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner mother S.L., by counsel James T. Cooper, appeals the Circuit Court of Putnam County's December 14, 2016, order terminating her parental rights to the child, E.L., and granting the child's adoption.[1] Respondent father and stepmother, by counsel Allison K. Huson, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights and granting the adoption based upon findings that she abandoned the child and that adoption was in the child's best interests.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, respondent father and stepmother filed a petition for adoption alleging that petitioner mother had abandoned the child. The petition alleged that petitioner mother failed to provide any financial support for the child, despite a January of 2014 circuit court order requiring her to pay a child support obligation. The petition also alleged that petitioner mother failed to exercise visitation with the child and had not seen the child since October 7, 2013.

In October of 2016, the circuit court held a hearing on respondent father and stepmother's petition for adoption. Respondent father testified that he filed a domestic violence petition against petitioner mother on or about May 27, 2013, and was granted custody of the child until the final domestic violence petition hearing. Following the final domestic violence petition hearing, the circuit court found that petitioner mother abused drugs and exercised less than half of her visitation time, despite respondent father providing transportation to and from visitation. The circuit court suspended petitioner mother's visitation with the child and conditioned her visitation on her filing a petition for modification of child custody with the court and attaching a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

"copy of, report, or certificate of her successful completion of a substantial course of therapy and treatment for drug addiction by the institution providing said course of therapy and treatment." Respondent father further testified that the circuit court designated him the child's sole custodial parent and required petitioner mother to pay child support beginning on January 1, 2014.

During the hearing, petitioner mother admitted to abusing drugs and testified that she completed a substance abuse program in June of 2015. She also admitted that she took no steps to file a petition for modification in 2013, 2014, or 2015, despite her testimony that she understood the steps required to file for modification of a child custody arraignment. Petitioner mother also testified that she understood her child support obligation but did not file to modify that obligation or pay any child support. She further testified that she was previously periodically employed but had been continuously employed since March of 2016. Petitioner mother also testified that she "periodically attempted to contact" respondent father but that he refused to provide her with his home address, work address, or his telephone number.

Following the presentation of evidence, the circuit court found that respondent father communicated with petitioner mother and that she knew where the child lived and knew where respondent father worked. The circuit court also found that petitioner mother understood that she was required to attend substance abuse treatment and petition the court for a modification of child custody if she completed substance abuse treatment, but failed to do so. The circuit court further found that petitioner mother had no legally recognized disability and was able to support the child, but failed to send gifts, letters, or other communication. The circuit court further found that petitioner mother abandoned the child, failed to demonstrate any compelling circumstances preventing her from supporting, visiting or communicating with the child, and that the child's adoption by respondent stepmother was in the child's best interests. The circuit court terminated petitioner mother's parental rights and granted the child's adoption by order entered on December 14, 2016. It is from this order that petitioner mother appeals.

On appeal to this Court, petitioner mother challenges the circuit court's findings of fact and conclusions of law in its final order granting the subject stepmother adoption. We previously have held that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). We also conduct a plenary review of the circuit court's interpretation of the governing statutory law and its application to the facts of this case. *See* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

Petitioner mother's first argument on appeal is that the circuit court erred in terminating her parental rights and granting the adoption based upon a finding of abandonment under West Virginia Code § 48-22-102 sufficient to support the adoption. Pursuant to West Virginia Code § 48-22-102, "abandonment" is "any conduct by the birth mother . . . that demonstrates a settled purpose to forego all duties and relinquish all parental claims to the child." *In re: Adoption of Schoffstall*, 179 W.Va. 350, 352, 368 S.E.2d 720, 722 (1988) (noting that "abandonment" is "any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and

2

relinquish all parental claims to the child" (citations omitted)). West Virginia Code § 48-22-306(a) further outlines conduct that presumptively constitutes abandonment:

> [a]bandonment of a child over the age of six months shall be presumed when the birth parent:
> (1) Fails to financially support the child within the means of the birth parent; and
> (2) Fails to visit or otherwise communicate with the child when he or she knows where the child resides, is physically and financially able to do so and is not prevented from doing so by the person or authorized agency having the care or custody of the child: Provided, That such failure to act continues uninterrupted for a period of six months immediately preceding the filing of the adoption petition.

Further, under West Virginia Code § 48-22-306(d), this statutory presumption may be overcome by showing there existed "compelling circumstances" to prevent the child's parent from fulfilling his/her parental responsibilities:

> Notwithstanding any provision in this section to the contrary, any birth parent shall have the opportunity to demonstrate to the court the existence of compelling circumstances preventing said parent from supporting, visiting or otherwise communicating with the child: Provided, That in no event may incarceration provide such a compelling circumstance if the crime resulting in the incarceration involved a rape in which the child was conceived.

Moreover,

> [i]f there is evidence in a subsequent adoption proceeding that the natural parent has both failed to financially support the child and failed to visit or otherwise communicate with the child in the 6 months preceding the filing of the adoption petition, a circuit court shall presume the child has been abandoned.

Syl. pt. 2, *In re Jeffries*, 204 W. Va. 360, 512 S.E.2d 873 (1998).

Finally, the burden of proof required to terminate a parent's parental rights, such as would be required in the instant adoption, is clear and convincing evidence. *See* Syl. pt. 6, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973) ("The standard of proof required to support a court order limiting or terminating parental rights to the custody of minor children is clear, cogent and convincing proof.").

In granting the instant adoption, the circuit court found that petitioner mother had both failed to support and failed to communicate with her child during the six months immediately preceding the filing of the adoption petition resulting in a statutory presumption of abandonment pursuant to West Virginia Code § 48-22-306(a). It is clear from the evidence presented that petitioner mother did not provide the child with support, as ordered by the circuit court. Despite petitioner mother's assertion that she was unable to provide for the child due to her substance abuse treatment, she testified that she attended substance abuse treatment program classes two days per week and attended Alcoholics Anonymous meetings one day per week. She also

testified that she completed the substance abuse treatment program in approximately six months. Petitioner mother further testified that while she is currently employed, she "quit" several jobs over a three-year period. Petitioner mother presented no testimony that she was unable to work and her participation in substance abuse treatment did not preclude her from working or supporting her child. Petitioner mother never paid her court-ordered child support obligation, did not demonstrate that she was unable to find employment, and failed to file a motion to modify her child support obligation. It appears from the record that petitioner mother had the means to obtain employment and support her child but failed to do so.

Further, petitioner mother failed to visit with or otherwise communicate with the child for nearly three years. Despite petitioner mother's claim that respondent father refused to allow her to see the child, ultimately, it was petitioner mother's own failure to petition the court to regain visitation that precluded her from visiting with the child. Petitioner mother testified that she understood that the circuit court required her to complete a substance abuse treatment program before petitioning the court to regain her visitation with the child. She admitted that although she completed a substance abuse treatment program, she took no steps to petition the court to regain her visitation with the child for approximately three years. She also testified that she knew where the child lived and knew how to contact respondent father. It is clear from the record that petitioner mother understood the steps required to regain visitation with the child but failed to take those steps.

Moreover, this Court has previously found that the circuit court may make findings of abandonment consistent with West Virginia Code § 48-22-102. *Ryan P. v. Ricky P.*, No. 12–1060, 2013 WL 3242847, at *1 (W.Va. June 28, 2013)(memorandum decision). In that case, the circuit court made specific findings to establish abandonment that were consistent with West Virginia Code § 48-22-102. Similarly, in the instant case, the circuit court made specific findings regarding petitioner mother's abandonment of the child, including petitioner mother's failure to exercise her visitation rights and support the child. It held that the adoption was in the best interests of the child. There is clear, cogent, and convincing proof that exists on the record that petitioner mother failed to provide financial support for her child, and that she failed, for a continuous period in excess of the 6 months preceding the filing of the adoption petition, to visit or otherwise communicate with the child when she was not physically or financially prevented from doing so. Accordingly, we find no error in the circuit court's order terminating petitioner mother's parental rights and granting the adoption based upon a finding of abandonment.

Next, petitioner mother argues that the circuit court erred in finding that adoption was in the child's best interests. Petitioner mother claims that the "denial of the adoption [petition] would not disrupt the habits and needs of the child." We disagree. This Court has previously established a clear analysis of the best interests of the child in adoptions:

Cases involving children must be decided not just in the context of competing sets of adults' rights, but also with a regard for the rights of the child. Accordingly, in an adoption action where it is alleged that a biological parent has abandoned a child, it is "highly relevant for the circuit court to consider . . . whether the [biological parent] . . . was dilatory in grasping the opportunity to assert his parental rights and responsibilities."

*In re Jeffries*, 204 W.Va. 360, 367, 512 S.E.2d 873, 880 (1998). The record in this case indicates that petitioner mother failed to participate in the care and support of her child. Petitioner mother lost custody of the child in May of 2013, when the child was approximately ten months old. Her visitation with the child was terminated in October of 2013, and the court outlined the specific steps that petitioner mother was required to take in order to regain custody of the child. However, petitioner mother failed to support or contact the child for three years. Respondent father testified that the child has no recollection of petitioner mother and that the child has been raised by him and respondent stepmother. Petitioner mother corroborated respondent father's testimony and acknowledged that the child has been exclusively raised by respondent father and stepmother. Based on the evidence presented, the circuit court found that the child had no relationship with petitioner mother due to petitioner mother's failure to participate in the care, rearing, and support of the child. Accordingly, we find no error in the circuit court's finding that the adoption at issue was in the child's best interests.

Accordingly, for the foregoing reasons, we find no error in the decision of the circuit court, and its December 14, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: January 8, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5